IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VICTOR CALLES,

    Petitioner,

v.                                            Civil Action No. 1:21cv101
                                                (Judge Kleeh)

WARDEN R.M. WOLFE,

    Respondent.

## REPORT AND RECOMMENDATION

### I.    Procedural Background

On July 23, 2021, the pro se petitioner, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with a motion to proceed as a pauper. ECF Nos. 1, 2. The Clerk of Court issued a Notice of Deficient Pleading, directing Petitioner to file a copy of his Prisoner Trust Account Report ("PTAR") with its Ledger Sheets within 21 days. ECF No. 3. On July 30, Petitioner filed the PTAR. ECF No. 6. By Order entered August 18, 2021, Petitioner was granted permission to proceed as a pauper but directed to pay the five dollar filing fee. ECF No. 7. On September 14, 2021, the petitioner paid the $5.00 filing fee. ECF No. 9. This matter is pending before the undersigned for an initial screening pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.

### II.    The Petition

The petitioner contends that the Bureau of Prisons ("BOP") has incorrectly calculated his custody level classification. More specifically, the petitioner alleges that on March 29, 2021 [ECF No. 1-1 at 1] he discovered that the BOP had erroneously classified him as a sex offender and as a gang member. ECF No. 1 at 5 – 6. He avers that he immediately attempted to exhaust his administrative remedies, but the BOP "has time barred me from seeking relief." Id. at 6. For relief,

he seeks an Order from this Court, directing the Warden to remove the designation as sex offender and gang member from his custody classification, based on the evidence he produced. Id. at 8. Attached to his petition are a copy of a September 10, 2019 letter from Petitioner's probation officer, apparently referencing a September 3, 2019 request from Petitioner to change his PreSentence Investigation Report ("PSR") to remove his classification as a gang member and sex offender [ECF No. 1-1 at 4 – 5]; a copy of a March 29, 201 "Male Custody Classification Form [id. at 7];" a partial copy of BOP Program Statement 1330.18, "Administrative Remedy Program" [id. at 8 – 9]; and copies of several administrative grievances. Id. at 1 – 3, 6.

### III. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As discussed below, the undersigned has determined that the petitioner is not entitled to relief and recommends that this petition be dismissed without requiring the respondent to address the matter.

### IV. Analysis

Section 2241 provides a remedy where a prisoner "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a Section 2241 petition, a prisoner may seek relief from his parole, computation of his sentence or disciplinary

actions taken against him. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." Glaus v.Anderson, 408 F.3d 382, 386 (7th Cir. 2005). Also worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or a speedier release from active confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973).

Here, the petitioner alleges no facts to demonstrate that the BOP's custody classification has affected the fact or duration of his confinement. For example, he does not allege that his right to earn good conduct time has been affected by his custody classification. Nor does he allege that he is being denied the right to participate in any program, the successful completion of which affects the length of his sentence.

Challenges to a federal prisoner's custody classification, like the one brought by the petitioner, are therefore not cognizable in habeas under § 2241. See Levi v. Ebbert, No. 09-3325, 2009 WL 4196470, at (3rd Cir. Nov. 30, 2009) ("Claims concerning the determination of [a prisoner's] custody level do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition"). Numerous district courts within the Fourth Circuit, including this one, have noted or applied this principle. Sappleton v. Hogsten, No. 1:11- 00552, 2014 WL 2565547, at *1 (S.D. W.Va. June 6, 2014) (construing § 2241 petition challenging custody classification as a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and dismissing it for failure to state a claim); Rodriguez v. Cruz, No. 9:12-2154, 2013 WL 2416321, at *4 (D.S.C. June 3, 2013) (reasoning that a § 2241 habeas petition is not the proper avenue for challenging a prisoner's security or custody classification); Moore v. Driver, Civil Action No. 1:07cv166, 2008 WL 4661478 at *8 (N.D. W.Va. Oct. 21, 2008 (same).

Here, Petitioner does not attack the execution of his sentence. Instead, he alleges that the BOP is improperly calculating his custody classification. His claims are not in any way related to the execution of a sentence but instead relate solely to the conditions of his confinement. In fact, were Petitioner to succeed on the merits of his claim, he would be, at best, entitled to a recalculation of his custody classification level; however, the fact or duration of his confinement would remain the same. Therefore, Petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser at 499-500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life); see also Wilkinson v. Dodson, 544 U.S. 74, 82 (2005) (remedy lies in a habeas corpus only if success necessarily demonstrates the invalidity of confinement or its duration).

## V. Recommendation

For the reasons stated, the undersigned recommends that the petitioner's § 2241 petition [ECF No. 1] be **DENIED and DISMISSED.**

**Within fourteen days after service of this Report and Recommendation**, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

      The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. Additionally, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: September 16, 2021

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE